IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. C 11-333 SI |
| Plaintiff, | **ORDER GRANTING DEFENDANT'S MOTION FOR *IN CAMERA* HEARING** |
| v. | |
| CESAR SANCHEZ and RODRIGO SANCHEZ, | |
| Defendants. / | |

On September 16, 2011, the Court held a hearing on defendant Rodrigo Sanchez's motion for disclosure. Defendant seeks an order compelling the government to disclose the identity of a confidential informant in this case, as well as other information regarding the informant.[1] Alternatively, defendant requests that the Court hold an *in camera* hearing during which the government is required to produce the confidential informant so the Court can determine whether the confidential informant actually exists, and so the Court can question the informant about the information that he/she purportedly provided to San Francisco Police Officer Guerrero. Defendant also seeks *Brady* material regarding the confidential informant.

Defendant contends that disclosure of information about the confidential informant is necessary because Officer Guerrero, as well as several of the other officers who conducted the surveillance, detention, arrest, and seizure of evidence in this case, have recently been accused of numerous instances of misconduct, including lying. Defendant has submitted evidence showing that Officer Guerrero and the other officers are under investigation after surveillance videos surfaced showing the officers

---

[1] Defendant's motion lists 23 types of information that defendant seeks regarding the confidential informant. Motion at 23-26.

involved in arrests and searches that contradicted the accounts provided by the officers in police reports. *See*, *e.g.*, Brent Begin, SF Police to Carry Video Cameras During Arrests, S.F. Exam., 5/18/11; www.sfexaminer.com/local/2011/05/san-francisco-police-officers-may-carry-cameras-during-arrests.

To gain access to an informant's identity, the defendant must articulate facts showing that "in an actual trial of a federal criminal case," the informant can provide information "relevant and helpful to the defense of an accused" or "essential to a fair determination of [a] cause" – especially where the informant is an active participant or witness to the charged offense. *Roviaro v. United States*, 353 U.S. 53, 60-61 (1957); *McCray v. Illinois*, 386 U.S. 300, 309-10 (1967). Disclosure of an informant's identity is proper when there is "more than a 'mere suspicion' of the value" of the informant's information. *United States v. Amador-Galvan*, 9 F.3d 1414, 1417 (9th Cir. 1993), citing *United States v. Williams*, 898 F.2d 1400, 1402 (9th Cir. 1990). Defendant carries the burden of demonstrating the need for disclosure. *United States v. Fixen*, 780 F.2d 1434, 1439 (9th Cir. 1993).

The government asserts that disclosure is not warranted because the confidential informant is not a percipient witness to the events that form the basis of the charge, and instead the informant's information (that defendants were dealing drugs in the Mission, and information about a vehicle associated with defendants) was used to conduct surveillance. The government argues that based on the officers' surveillance and other information, they had probable cause to search defendants' residence independent of the confidential informant. The government also states that to the extent that the Court deems it necessary to examine the informant, an *in camera* proceeding is appropriate.

Based upon the record before the Court, the Court finds it appropriate to conduct an *in camera* hearing with the informant. The Ninth Circuit has held,

> The *in camera* procedure provides an equally-acceptable accommodation of the competing interests of the Government and the accused in the situation presented here, wherein the question is whether a law enforcement officer has lied. Through disclosure of the informer's identity to the trial judge, and such subsequent inquiries by the judge as may be necessary, the Government can be protected from any significant, unnecessary impairment of secrecy, yet the defendant can be saved from what could be serious police misconduct.

*Fixen*, 780 F.2d at 1439-40 (internal citation and quotations omitted). The Court agrees with the government that the *Roviaro* factors weigh in favor of nondisclosure because the informant is not a

witness or participant in the charged crimes, and defendants have not shown that the informant could provide information helpful to the defense. However, in light of the well-publicized accusations of serious misconduct and lying by some of the officers in this case, including Officer Guerrero, raise the question of whether the confidential informant actually exists, and whether the police report authored by Officer Guerrero accurately documents what the information the informant provided.

Accordingly, the Court will conduct an *in camera* hearing, at which the confidential informant and counsel for the Government will appear. Said hearing should take place within the next two weeks; the Government shall contact the confidential informant to arrange a date and time, and shall contact the Court's courtroom deputy to schedule the hearing.

**IT IS SO ORDERED.**

Dated: September 16, 2011

SUSAN ILLSTON
United States District Judge